Form 85 (20210922_bko)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

In Re: ) Case Number: 23-06373
SHEYLA M SPEED )
) Chapter: 13
)
) Honorable Deborah L. Thorne
)
)
Debtor(s) )

**AGREED REPAY ORDER WITH PROVISION FOR STAY RELIEF UPON DEFAULT**

    THIS CASE is before the Court on the motion of PENNYMAC LOAN SERVICES, LLC (hereinafter, "Creditor"), for property located at 14622 Black Stone Ave, Dolton, IL 60419; the Debtor and Creditor through their attorneys having conferred and agreed upon the following:

    IT IS HEREBY ORDERED:

    1. The parties have agreed to repay the following post-petition default pursuant to the terms of this order:

        a. Mortgage Payment(s) (08/01/24 - 09/01/24) 2 payments @ $2,195.58 = $4,391.16
        b. Late Charges  charges @ $     = $
        c. NSF Fees (if any)     = $
        d. Bankruptcy Fees/Costs     = $1,249.00
        e. Other Amounts (if any)     = $
                SUB TOTAL = $5,640.16

        f. Less amount received (if any):
        g. Less amount in suspense (if any)     = (-$155.20)
        Total Amount to be Repaid through this order     = $5,484.96

    2. That Creditor must receive the following payments by the corresponding dates:

        a. The sum of $2,195.58 on or before September 25, 2004; and then the balance of $3,289.38 as follows:
        b.  $548.23 plus the October, 2024 post-petition mortgage payment on or before the 15th of that month;
        c.  $548.23 plus the November, 2024 post-petition mortgage payment on or before the 15th of that month;
        d. $548.23 plus the December, 2024 post-petition mortgage payment on or before the 15th of that month;
        e. $548.23 plus the January, 2025 post-petition mortgage payment on or before the 15th of that month;
        f. $548.23 plus the February, 2025 post-petition mortgage payment on or before the 15th of that month;
        g. $548.23 plus the March, 2025 post-petition mortgage payment on or before the 15th of that month;

  3. That Creditor must receive the payments listed in Paragraph 2 on or before the corresponding dates. If Creditor fails to receive any one of the payments listed in Paragraph 2, then the repayment schedule in Paragraph 2 is void and all of the past due payments listed in that paragraph will be due. The Creditor will then file with the court and serve on the Debtor and her attorney a Notice of Default with Certificate of Service stating that the Debtor has fourteen (14) calendar days to cure the post-petition default in full. In the event the Debtor fails to cure the post-petition default in full within that time period, the Creditor will then file with the court and serve on the Debtor and her attorney a Notice of Stay Termination with Certificate of Service stating that the stay is terminated as to the Creditor, its principals, agents, successors and/or assigns, as to the property securing its interest;

  4. That upon completion of the repayment schedule of Paragraph 2 or tender of funds to bring the loan post-petition current under Paragraph 3, the Debtor must continue to make "timely" post-petition mortgage payments directly to Creditor continuing monthly thereafter for the pendency of the bankruptcy;

  5. That if thereafter Creditor fails to receive two "timely" post-petition monthly mortgage payments, the Creditor will then file with the court and serve on the Debtor and her attorney a Notice of Default with Certificate of Service stating that the Debtor has fourteen (14) calendar days to cure the post-petition default in full. In the event the Debtor fails to cure the post-petition default in full within that time period, the Creditor will then file with the court and serve on the Debtor and her attorney a Notice of Stay Termination with Certificate of Service stating that the stay is terminated as to the Creditor, its principals, agents, successors and/or assigns, as to the property securing its interests;

  6. Upon dismissal, discharge, chapter conversion, or relief from stay, the foregoing terms and conditions shall cease to be binding and payments will be due pursuant to the terms of the original loan agreement, the automatic stay is terminated, and Creditor may proceed to enforce its remedies under applicable non-bankruptcy law against the property securing its interest and/or against Debtor.

| /s/ Michelle E. Mandroiu | /s/ Terri M. Long |
|---|---|
| Attorney for Debtor | Attorney for Creditor |

Enter:

/s/ Deborah L. Thorne

United States Bankruptcy Judge

Dated: 9/19/2024

**Prepared by:**
Terri M. Long ARDC#6196966
Codilis & Associates, P.C.
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
File No. 14-23-03666